UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY LUCAS, an individual, TAREK ALBABA, an individual, RIGOBERTO VINDIOLA, and individual, DAVID GAMMA, an individual, SARAH FISHER, an individual, on behalf of themselves and all other similarly situated consumers,<br><br>Plaintiffs,<br><br>v.<br><br>BREG, INC., a California corporation; GARY LOSSE, an individual; MARK HOWARD, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:15-CV-00258-BAS-NLS<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 1 RE: PROTECTIVE ORDER FOR PROTECTION OF CONFIDENTIAL INFORMATION**<br><br>(Dkt. No. 30) |

Before the Court is the parties' Joint Motion for determination of a discovery dispute regarding the terms of a protective order for Defendant Breg's confidential information. (Dkt. No. 30.) The parties reached an impasse as to the procedure for filing confidential documents under seal. (Id.) For the reasons set forth below, the Court **ORDERS** that the parties must comply with the procedures for filing confidential documents under seal as set forth in the Court's Chamber Rules, Civil Local Rule 79.2,

and ECF Administrative Policies and Procedures, Section II.j.

## I. RELEVANT BACKGROUND

Plaintiff Stacy Lucas first filed this action in state court on June 13, 2011. (Dkt. No. 1 at 2.) Lucas was joined by other plaintiffs and filed an amended complaint, asserting claims on behalf of a putative nationwide class. The third amended complaint is currently Plaintiffs' operative pleading. (Id.)

While the case was pending in state court, the parties entered into a stipulated protective order, which was approved by the assigned superior court judge on February 14, 2014. (Dkt. No. 30 at 2.) During discovery, Defendant Breg produced numerous documents. Defendant Breg contends it designated "some of [the documents] – not all" as confidential under the protective order. (Id.) Plaintiffs contend the "vast majority of all documents" produced by Breg were designated as confidential. (Id. at 5.)

This case was removed to federal court on February 6, 2015. (Dkt. No. 1.) On July 10, 2015, the Court ordered the parties to file their proposed stipulated protective order by July 24, 2015, and at the parties' request the Court extended the deadline to August 7, 2015. (Dkt. No. 28.)

The parties met and conferred regarding the terms of a proposed stipulated protective order. Defendant Breg proposed the parties file the same protective order in this Court as was previously entered in state court, with the following modifications: "(1) specific references to California rules would be removed or replaced with references to applicable federal rules and rules of Court; (2) the two provisions required by this Court's chamber rules be added; and (3) the exhibit to the protective order be revised to reference the appropriate court." (Dkt. No. 30 at 2.)

Plaintiffs objected to Defendants' proposal to include in the protective order one of the provisions required by this Court's chamber rules. Specifically, Plaintiffs objected to including this Court's required provision regarding the procedures for filing documents under seal. (Dkt. No. 30 at 5-6.) The provision at issue states:

Nothing shall be filed under seal, and the Court shall not be required to take

any action without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.[1]

Chmb. Rule VII.A.

The parties could not reach an agreement concerning the language to include in the protective order, and thus filed their joint motion concerning this dispute on August 7, 2015.

## II.     SUMMARY OF THE PARTIES' DISPUTE

Plaintiffs contend Defendant Breg has the burden to selectively designate documents it believes in good faith are confidential and subject to a protective order, as well as provide a basis for that designation. (Dkt. No. 30 at 5-6.) In support, Plaintiffs cite to the undersigned's Chamber Rules, including Chambers Rule VIII, which states that a request to seal "must be narrowly tailored to seek sealing only of sealable material." (Dkt. 30.) Plaintiffs aver that Breg has the burden to establish the documents it produced are sealable material, and has the burden of establishing the confidentiality of its records. (Id.) As such, Plaintiffs do not want to include the provision at issue because it would obligate them to move to seal documents before filing them with their motions.

Defendants Breg and Mark Howard contend Plaintiffs cannot file documents that have already been designated as confidential without moving to seal them first because it would violate the state court protective order and this Court's rules. Breg contends Plaintiffs should be required to follow the Court's procedures for filing documents under seal. (Dkt. No. 30 at 4-5.) Defendant Gary Losse agrees with Defendant Breg's and

---

[1] The Court's Civil Local Rule 79.2 states that "[d]ocuments that are to be filed under seal must be accompanied by an order sealing them. If the order is also to be filed under seal, it must so state." The ECF Administrative Policies and Procedures, Section II.j provides the procedures for how to e-file sealed documents in civil cases.

Howard's position. (*See* id. at 5.)

## III. DISCUSSION

Plaintiffs' contention, that Breg has the burden to first demonstrate the material it designated is confidential, is misplaced. Although this Court's rules require that a request to seal documents "be narrowly tailored to seek sealing only of sealable material," the rules do not shift the burden to the party who initially designated the documents as confidential to demonstrate the content of the material is sealable when filing them. Rather, the party who seeks to file documents containing confidential information under seal is responsible for moving to seal those documents. *See* Chmb. Rule VIII.A ("The party seeking to file under seal must electronically file a 'Motion to File Documents Under Seal' ….").

Moreover, when the parties initially entered into their Agreed Protective Order in state court, they agreed that Breg may designate as confidential "any material trade secrets or other confidential or proprietary research, development, manufacturing, complaint, marketing sales or commercial information…." (Dkt. No. 30-3 at ¶ 5.) Breg therefore already identified and designated the documents it believes warrant protection from disclosure when it marked them as confidential. Thus, contrary to Plaintiffs' contentions, it is not Defendant Breg's burden to first demonstrate the documents it designated as confidential constitute sealable material. Rather, it is the party who seeks to file documents designated as confidential to move to seal them from inspection by the public.

Plaintiffs raised the concern that if they are required to move to seal documents designated as confidential, they would need to disclose the documents they intend to file to support their motion for class certification. (Dkt. No. 30 at 4.) Plaintiffs, however, need not preview to Defendants the confidential documents they intend to use because they may file their motions to seal documents on the same date they file their motion for class certification.

To the extent Plaintiffs contend some of the documents Breg designated as confidential should not be marked as such, and contend the documents therefore do not contain sealable material, Plaintiffs may challenge those designations before they file their

4

motions. Indeed, when the parties entered into the Agreed Protective Order in state court, they agreed that if a party wishes to dispute the designation of confidential material, the party must notify the designating party, and specify the materials in dispute and the nature of the dispute. (Dkt. No. 30-3 at ¶ 8.a.) Plaintiffs therefore had the obligation to object to any designations Breg made regarding whether the documents contained confidential material. Plaintiffs do not provide a persuasive basis for departing from this standard procedure now that the case is pending in this Court. This is particularly so in light of the Court's own model protective order that likewise contains this standard procedure. Namely, that a party designates documents as confidential, and then a party who wishes to dispute the designation of confidential may object. (*See* Model Protect. Ord., sub. Patent L.R., p.97.)

Lastly, the Court addresses the timing of challenges to documents designated as confidential. If Plaintiffs elect to challenge certain documents that were already produced as not containing confidential information, Plaintiffs must notify the designating party of the dispute in writing, specifying the material in dispute and the nature of the dispute, by **October 9, 2015.** <u>The Court expects the parties to meet and confer in good faith to agree upon whether the designations should remain or be removed, so that any future process by Plaintiffs to move to seal documents will be efficient for both the parties and the Court.</u> If the parties are unable to resolve the dispute, they may prepare and file a joint motion for determination of discovery dispute, as outlined in Chambers Rules, by **November 6, 2015**. For any additional documents produced during the course of discovery while this case proceeds in this Court, any challenges to material designated as confidential must be brought in accordance with the timetable the Court will set forth in the protective order at paragraph 8.a.

### IV.   CONCLUSION

In sum, Plaintiffs have not provided sufficient grounds for departing from the Court's required procedures for seeking to file documents under seal.

/

1  Accordingly, the Court will concurrently enter a protective order governing the use and
2  protection of confidential information in this case, which will contain the Court's required
3  provision regarding filing documents under seal.

4  **IT IS SO ORDERED.**

5  Dated: September 16, 2015

Hon. Nita L. Stormes
United States Magistrate Judge