UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY LUCAS, an individual, TAREK ALBABA, an individual, RIGOBERTO VINDIOLA, and individual, DAVID GAMMA, an individual, SARAH FISHER, an individual, on behalf of themselves and all other similarly situated consumers,<br><br>Plaintiffs,<br><br>v.<br><br>BREG, INC., a California corporation; GARY LOSSE, an individual; MARK HOWARD, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:15-CV-00258-BAS-NLS<br><br>**ORDER DETERMINING JOINT MOTION FOR DISCOVERY DISPUTE NO. 3**<br><br>(Dkt. No. 47) |

    Before the Court is the parties' joint motion for determination of discovery dispute Number 3. Defendant Breg Inc., ("Breg") moves the Court for an order to prohibit three non-party depositions from proceeding at all. Defendant Gary Losse also joins in Breg's request that the depositions not be held. (Dkt. No. 47 at 15.) Plaintiffs oppose and assert they are entitled to take these depositions. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Breg's motion.

## I. RELEVANT BACKGROUND

This is a putative economic injury class action. Plaintiffs and the putative class allege Defendants engaged in a "false, misleading, deceptive, fraudulent, and unlawful advertising campaign" regarding the sale of Breg's Polar Care 500. (Dkt. No. 47, *quoting* Third Amend. Compl. (Dkt. No. 1-24 at p.1).) The Polar Care 500 is a motorized cold therapy device. (Dkt. No. 1-24 at p.1.) Plaintiffs contend the product was defective and dangerous because it can produce a Non-Freezing Cold Injury. They allege Defendants were aware of the risk but concealed it and failed to alert consumers of the risk. (Dkt. No. 47 at 11.)

This case originated in state court, and Defendants removed the action on February 6, 2015. On July 10, 2015, the Court issued a Scheduling Order, which included a deadline that "[f]act and class discovery are not bifurcated but class discovery must be completed by all parties by **November 16, 2015**." (Dkt. No. 25 (bold and underline in original).)

On November 5, 2015, Plaintiffs served via mail deposition notices for the three-non-party witnesses at issue. Specifically, Plaintiffs seek to depose (1) the Person Most Knowledgeable ("PMK") for Orthofix, Inc.; (2) the PMK for Water Street Healthcare Partners, LLC ("Water Street"); and (3) Bradley Mason. According to Plaintiffs, Orthofix purchased Breg in November of 2003, and Water Street purchased Breg from Orthofix in April of 2012. (Dkt. No. 47 at 11-13). Bradley Mason is the former president and CEO of Breg, and is the current President and CEO of Orthofix. (Id. at 14.)

Defendants attest via declaration that they received the deposition notices on November 9, 2015. (Dkt. No. 47-2, ¶ 7.) The depositions were noticed to be held on November 16, 2015, which was the last date to conduct class discovery. The depositions were noticed for locations in Chicago, Illinois; Dallas, Texas; and San Diego, California. (Dkt. No. 47-1, Exhs. A-D.)

The parties conferred and determined the depositions would not go forward on the date noticed, but were unable to resolve the dispute as to whether the depositions would

proceed at all. (Dkt. No. 47 at 2, 15.) Thus, the parties filed the present joint motion for determination of this dispute.[1] Breg moves the Court under Federal Rule of Civil Procedure 26(c) and 16(b)(4) for an order prohibiting the depositions from proceeding at all.

## II. DISCUSSION

### a. Timeliness Of The Deposition Notices

Breg contends Plaintiffs' deposition notices are untimely, and are an attempt to extend the class discovery deadline without filing a motion or showing good cause to extend that deadline. (Dkt. No. 47 at 4-5.) Breg avers Plaintiffs were not diligent in seeking the discovery requested because they had over four months to pursue this discovery but did not. Breg further avers Plaintiffs' "eleventh-hour" unreasonable deposition notices unreasonably set the depositions on the close of class discovery, and the notices were served while the parties were already taking depositions of Plaintiff Fisher in Colorado on November 9th, and Plaintiff Gamma in San Diego on November 12th. (Id. at 3.)

Plaintiffs respond that Breg's motion is yet another attempt to block Plaintiffs from obtaining relevant discovery. In support, Plaintiffs' counsel recount their history of efforts to depose the three non-party witnesses in state court. In particular, that on December 16, 2014, the state court agreed to execute commissions that would allow Plaintiffs to take the depositions of Brad Mason, and the PMKs for Orthofix and Water Street. (Dkt. No. 47 at 7-8.) Plaintiffs contend that over the next few months Breg engaged in numerous tactics to avoid the state court's orders to make available these witnesses for depositions. On February 6, 2015, Breg removed the action to this Court, which mooted the state court's orders regarding the non-party witness depositions. (Dkt.

---

[1] According to Plaintiffs, counsel for Orthofix filed a motion to quash the deposition in Texas district court, and counsel for Water Street filed a motion to quash the deposition in Illinois district court. (Dkt. No. 47 at 14.) Also according to Plaintiffs, counsel for Orthofix and counsel for Water Street agreed to defer to this Court's rulings with respect to the depositions and agreed to stay the motions to quash until after the same. (Id.)

1  No. 47 at 8-10.)  Plaintiffs do not address Breg's arguments that the notices are untimely
2  or that they are an attempt to extend the class discovery deadline without good cause.
3       Here, the Court finds a protective order is warranted to prohibit the third-party
4  witness depositions from proceeding for class discovery purposes.  "A party or any
5  person from whom discovery is sought may move for a protective order in the court
6  where the action is pending . . . . [and] [t]he court may, for good cause, issue an order to
7  protect a party or person from annoyance, embarrassment, oppression, or undue burden
8  or expense…."  Fed. R. Civ. P. 26(c)(1).
9       As an initial matter, the Court addresses the timeliness issue regarding the three
10  deposition notices.  Under the circumstances presented by this case, Plaintiffs did not
11  provide reasonable notice of the depositions.  A party who seeks to take a deposition
12  must give "reasonable written notice" to all other parties.  Fed. R. Civ. P. 30(b)(1).  There
13  is no fixed rule as to what constitutes reasonable notice.  Although ten business days'
14  notice generally is considered reasonable, "the analysis is necessarily case-specific and
15  fact-intensive."  *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005).
16  Courts have found approximately ten days' notice generally is considered reasonable
17  notice, although the particular circumstances of a case may shorten or lengthen the
18  amount of notice that is considered reasonable.  *See Mason v. Silva*, 2013 U.S. Dist.
19  LEXIS 74801 (S.D. Cal. May 28, 2013) ("What is 'reasonable' depends on the
20  circumstances of the case, but at least 10 days' notice is customarily expected.")
21  (citations omitted); *In re. Sulfuric Acid Antitrust Litigation*, 231 F.R.D. at 327 ("ten
22  business days' notice would seem reasonable," but not where the case was exceedingly
23  complex, the case was near to the discovery cut-off, and the schedules of deponents and
24  attorneys would be unable to accommodate the requested dates).
25       Under the circumstances presented here, this Court concludes that Plaintiffs did not
26  provide reasonable notice.  Breg received the notices only seven days before the
27  scheduled date, for multiple deponents in multiple cities and states, and further with
28  documents designated for production.  Moreover, given that this is case involves multiple

parties with a number of lawyers, it is unlikely that schedules of the deponents and the lawyers would be able to accommodate the late-noticed depositions. Indeed, Plaintiffs were aware that depositions were being held within the week leading up to the date they noticed the three depositions at issue, leaving little if any time at all for Defendants to prepare and arrange for appearances at the depositions. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 327 ("What would be reasonable even in a late stage of a relatively simple case with few lawyers may take on a very different cast where, as here, the case is exceedingly complex, the depositions are to occur virtually hours before the discovery cut-off, and it was obvious-or at least probable-that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices.").

Having concluded that reasonable notice was not provided for the depositions, the Court next turns to whether Plaintiffs should nonetheless be permitted to conduct them on a later date. If so, the depositions would necessarily fall after the close of class discovery, and thus would require modifying the schedule.

### b. Whether The Class Discovery Deadline Should Be Extended For The Depositions

Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. Cal. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)) (citations omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*. (citations omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. (citation omitted). "If that party was not diligent, the inquiry should end." *Id*.

1    Here, the Court does not find good cause to extend the class discovery deadline for
2 the non-party witness depositions.  Although Plaintiffs recount their history of seeking to
3 take the depositions of these three witnesses while this case was in state court, that
4 argument does not explain their lack of diligence while the case has been pending in this
5 Court.  After the case was removed, the Court set the Scheduling Order for this case on
6 July 10, 2015.  (Dkt. No. 25.)  Plaintiffs did not serve notices of these three depositions
7 until November 5, 2015, and served them by mail, which Breg did not receive until
8 Monday, November 9, 2015.  (Dkt. No. 47-2 at ¶ 7.)  That left Breg with only five
9 business days, or one week, of notice of these depositions in multiple cities and states.
10    Waiting until the eve of discovery to notice depositions does not demonstrate a
11 party pursued the discovery with diligence, and courts have denied modifying scheduling
12 orders to extend the discovery period on such grounds.  *See e.g.*, *Dunfee v. Truman*
13 *Capital Advisors, LP*, 2013 U.S. Dist. LEXIS 147598, *8 (S.D. Cal. Oct. 11, 2013)
14 (denying plaintiffs' request for extension of the discovery cutoff where plaintiffs waited
15 until approximately the last two weeks before the discovery cutoff to seek dates to
16 conduct depositions as "[w]aiting until the final two weeks of the discovery period to
17 commence discovery efforts cannot be viewed as having pursued discovery with
18 diligence"); *Brantley v. Borg-Warner Morse Tec, Inc.*, 2013 U.S. Dist. LEXIS 132275,
19 *13-14 (S.D. Cal. Sept. 13, 2013) (denying plaintiffs' ex parte application for an
20 extension of time to complete discovery where plaintiff's counsel waited until ten days
21 before the deadline to serve notice of the defendants' depositions).  Plaintiffs thus cannot
22 be viewed as having pursued these depositions with diligence.  They had over four
23 months in which to notice these witnesses' depositions.  They did not do so, and they did
24 not provide any sufficient explanation or justification for the delay.  It thus does not
25 suffice to constitute good cause to extend the class discovery deadline to take these non-
26 party witness depositions.
27    The Court notes that it does not make this decision lightly, and is not merely
28 enforcing deadlines for the sake of doing so.  Rather, "[i]n these days of heavy caseloads,

trial courts ... routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060, 1062 (9th Cir. 2005). Indeed, [d]isruption to the schedule of the court and other parties is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Id.* For the aforementioned reasons, the Court does not find good cause to extend the class discovery deadline for the non-party witnesses' depositions.

### c. Whether Plaintiffs Should Be Prohibited From Deposing The Non-Party Witnesses At All

The Court notes that Breg moved for a protective order prohibiting the depositions from "proceeding at all." (Dkt. No. 47 at 3.) However, Breg focused its arguments on the untimeliness of the notices and why no good cause exists to extend the class discovery deadline for the depositions. Breg did not fully develop its arguments on the relevance of the discovery sought or the burden they would impose for merits purposes. *See* Dkt. No. 47 at 5, fn. 9 (relying on its timeliness argument and requesting an opportunity to further brief relevance and burden if needed). Although Plaintiffs explained why these depositions are arguably relevant to certification issues, they too did not fully explain the relevance in the context of their merits discovery. *See* Dkt. No. 47 at 11-14.

Thus, the Court does not have enough information from the parties to determine whether Plaintiffs should be prohibited from deposing these non-party witnesses for gathering merits discovery after a ruling on class certification is made. Based on the briefing presently before the Court, it is not clear whether the discovery sought from these witnesses is truly proportional to the needs of the case, particularly in the context of "the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Once the Court issues a ruling on whether to certify the proposed classes, the Court will then set a further schedule for the case that includes further discovery deadlines.  At that time, Plaintiffs may then have the opportunity to notice these depositions for purposes of their fact discovery if needed, and Breg will have the opportunity to object.  In the interim however, the Court encourages both parties to carefully consider the appropriate scope of discovery for this case, particularly in light of the recent amendments to the Federal Rules of Civil Procedure 1 and 26, which became effective on December 1, 2015.

### III.     CONCLUSION

Plaintiffs did not provide reasonable notice of the three non-party witness depositions, and the Court also does not find good cause to modify the scheduling order to extend the class discovery deadline for Plaintiffs to depose these witnesses.  Plaintiffs therefore may not depose the three non-party witnesses for the purpose of gathering class discovery.  Whether Plaintiffs should be prohibited from deposing the three non-party witnesses for merits discovery after a ruling on the class certification motion is issued remains to be finally determined.  Accordingly, Breg's motion is **GRANTED IN PART** and **DENIED IN PART.**  The Court now **ORDERS**:

1. Breg's motion is **GRANTED** to the extent it seeks an order prohibiting Plaintiffs from deposing the three non-party witnesses for class discovery purposes. Plaintiffs are not permitted to depose the following witnesses for class discovery purposes: (1) the PMK for Orthofix, Inc.; (2) the PMK for Water Street Healthcare Partners, LLC; and (3) Bradley Mason; and

/
/
/
/

      2.  Breg's motion is **DENIED WITHOUT PREJUDICE** to the extent it seeks an order prohibiting Plaintiffs from deposing the three non-party witnesses at all, i.e., for merits discovery purposes after a ruling on the class certification motion is issued.

      **IT IS SO ORDERED.**

Dated:  December 8, 2015

*[signature]*

Hon. Nita L. Stormes
United States Magistrate Judge