UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY LUCAS, an individual, TAREK ALBABA, an individual, RIGOBERTO VINDIOLA, and individual, DAVID GAMMA, an individual, SARAH FISHER, an individual, on behalf of themselves and all other similarly situated consumers,<br><br>        Plaintiffs,<br><br>v.<br><br>BREG, INC., a California corporation; GARY LOSSE, an individual; MARK HOWARD, an individual; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: 3:15-CV-00258-BAS-NLS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS**<br><br>(Dkt. No. 57) |

  Before the Court is Defendants Breg, Inc.'s and Mark Howard's ("Defendants") Motion for Sanctions. Defendants seek sanctions under Federal Rule of Civil Procedure 30(d) due to Plaintiffs' counsels' alleged improper conduct during depositions. Plaintiffs' counsel oppose the motion and contend their conduct does not warrant imposing sanctions. (Dkt. No. 67 at 9.) For the reasons explained below, the Court **GRANTS** Defendants' motion for sanctions.

1

## I. Background

This is a putative economic injury class action. Plaintiffs and the putative class allege Defendants engaged in a "false, misleading, deceptive, fraudulent, and unlawful advertising campaign" regarding the sale of Breg's Polar Care 500. (Third Amend. Compl. (Dkt. No. 1-24 at p.1).) The Polar Care 500 is a motorized cold therapy device. (Dkt. No. 1-24 at p.1.) Plaintiffs contend they overpaid for the device because it was unreasonably dangerous, ineffective, and slowed their recovery from orthopedic surgery. (Dkt. No. 57 at 4, *citing* Dkt. No. 1-24 at p.5.)

While the parties were engaged in class discovery, Defendants deposed the named Plaintiffs. Defendants contend that at those depositions, Plaintiffs' counsel Marc Stern and Chase Stern "engaged in a pattern of obstructionist conduct that impeded and prevented the fair examination of the plaintiffs on matters relevant to these claims." (Dkt. No. 57 at 4.) Defendants contend the conduct included instructing the deponents not to answer based on improper grounds, coaching the deponents' responses, taking over defense counsel's line of questioning to shape the testimony, and disruptive and time-wasting commentary directed at defense counsel. (Id.)

Defendants move for sanctions under Federal Rule of Civil Procedure 30(d). They ask the Court to issue sanctions it deems appropriate, and in particular that (1) if the case continues following a ruling on class certification, that Defendants be allowed to re-depose the four plaintiffs for a limited period of time, with an admonishment to Plaintiffs' counsel that further rule violations will result in additional sanctions; and (2) that Plaintiffs be required to pay the defense's fees and costs associated with those re-depositions. (Dkt. No. 57 at 6.)

Plaintiffs' counsel responds that although some of their objections and commentary were "verbose," they did not impede the fair examination of witnesses. (Dkt. No. 67 at 2.) Rather, they contend their objections were made "out of frustration and irritation" over the way defense counsel conducted the depositions. (Id.) Plaintiffs' counsel assert their conduct does not justify imposing sanctions. They ask the Court to

continue this motion until after Plaintiffs' motion for class certification is ruled on because if the Court denies certification then no further testimony will be needed, but if the motion is granted then Defendants' counsel can explain what further information they require that would justify re-deposing each plaintiff.  (Id. at 3.)

Plaintiffs filed their motion for class certification, but the briefing by the parties on that motion will not be fully submitted until June 3, 2016 and the briefing on the *Daubert* motions will not be completed until June 27, 2016.  (Dkt. No. 65.)  The Court nonetheless finds this dispute ripe for determination at this time.

## II.     Legal Standard

"The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).  "[I]f the deponent or another person impedes or delays the examination, the court must authorize extra time." Adv. Comm. Note, 2000 Amendm'ts.

To determine if sanctions are warranted under Rule 30, the court's inquiry is twofold. "First, the court must determine whether a person's behavior has impeded, delayed, or frustrated the fair examination of the deponent." *Dunn v. Wal-Mart Stores, Inc.*, 2013 U.S. Dist. LEXIS 157554, *3 (D. Nev. Nov. 1, 2013), *citing* Fed. R. Civ. P. 30(d)(2).  When undertaking this portion of the inquiry, some courts look to "(1) the specific language used (e.g., use of offensive words or inappropriate tones); the conduct of the parties (e.g., excessive objections or speaking objections); and (3) the length of the deposition." *See e.g., Thomas v. Alcoholic Rehab. Servs. of Haw., Inc.*, 2016 U.S. Dist. LEXIS 10083 (D. Haw. Jan. 28, 2016).

"Second, the court must 'impose an appropriate sanction.' [] The Ninth Circuit provides District Courts with wide discretion to fashion 'an appropriate sanction.'" *Dunn*, 2013 U.S. Dist. LEXIS 157554 at *3, *quoting Yeti by Molly, Ltd. v. Deckers*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Courts have imposed re-deposition costs where "counsel was unjustified in instructing a deponent not to answer." *Doe v. City of San*

*Diego*, 2013 U.S. Dist. LEXIS 179077, *21 (S.D. Cal. Dec. 13, 2013); *Humphreys v. Regents of the Univ. of Cal.*, 2006 U.S. Dist. LEXIS 20151,*6-7 (N.D. Cal. Apr. 3, 2006) (awarding costs for additional half day of deposition where the counsel improperly instructed deponent not to answer and because of other disruptive conduct).

### III.  Discussion

The Court begins by addressing the assertions that Plaintiffs' counsel engaged in time-wasting and disruptive commentary directed toward defense counsel.  This Court is committed to the highest standards of professionalism and expects those standards to be observed by lawyers who practice before it.  Civ. L.R. 83.4.a.  Counsel who practice before this Court are expected to "[b]e courteous and civil in all communications, oral and written, and in all proceedings conduct herself/himself with dignity and respect.  Id. 83.4.a.1.a.  Counsel must not "[d]isparage the intelligence, ethics, morals, integrity or behavior of opposing parties or counsel unless such characteristics are at issue."  Id. 83.4.2.2.a.  "Conduct unbecoming a member of the bar is a serious concern." *Dunn v. Wal-Mart Stores, Inc.*, 2013 U.S. Dist. LEXIS 157554 (D. Nev. Nov. 1, 2013) (citation omitted).

Here, Plaintiffs' counsel plainly did not demonstrate the level of civility and professionalism that is expected during these depositions.  Plaintiffs' counsels' commentary toward defense counsel included phrases such as: "Shame on you," and "You know, someone apparently didn't fill you in on who you're dealing with here," and "it appears you might be hallucinating by positing the possibility that the defendants are going to win this lawsuit."[1]  (Fisher Depo., 231:17-20; Lucas Depo., 154:25-155:1;

---

[1] Defendants also cite another example of alleged offensive commentary, wherein Plaintiffs' counsel stated "I said I see a wedding ring. He's staring at me and it's making me uncomfortable." (Dkt. No. 57, *citing* Albaba Depo. 86:18-20.) However, the Court is unable to discern from the record the context of this comment because it followed an off-the-record discussion between and among counsel.  The Court thus makes no findings with regard to this commentary.

4

3:15-CV-00258-BAS-NLS

154:4-6.) Plaintiffs' counsels' retort to defense counsel, who cited Rule 30(d)(2) to state that counsels' argumentative or suggestive objections are prohibited, was likewise an unnecessary snarky remark: "[I]f you want to read the rest of the code, do so on your own time. If you want to read The Cat in the Hat, do it on your own time. We're here to answer your questions…." (Fisher Depo. 94:21-94:24.)[2]

Such commentary most certainly does not exhibit the level of courteous and civil communications the Court expects from counsel who practice before it. Plaintiffs' counsel assert an unavailing argument that their comments were made in their frustrated and feeble attempts to expedite and timely complete these depositions. (Dkt. No. 67 at 3-4.) Such an excuse falls flat, as surely more civil and courteous methods exist to achieve their stated aims of efficiency. Indeed, rather than expediting the proceedings, the record indicates Plaintiffs' counsels' conduct created an unwelcome environment in the practice of law. As one Judge recently observed, "[d]iscovery is hard enough, even without conduct like that outlined [above]." *Claypole v. Cnty. of Monterey*, 2016 U.S. Dist. LEXIS 4389, *2-3 (N.D. Cal. Jan. 12, 2016). The Court is disappointed with the lack of civility and professionalism that Plaintiffs' counsel exhibited in these proceedings. Plaintiffs' counsel shall be admonished that they are expected to adhere to the highest standards of professional decorum.

Defendants also contend Plaintiffs' counsel engaged in conduct warranting sanctions by improperly instructing the deponents not to answer, interpreting the questions posed and suggesting answers, and engaging in speaking objections. (Dkt. No. 57 at 6-22.) Plaintiffs respond the questions to which they instructed the deponent not to answer were "so impermissibly broad and vacuous that no trial judge would have ever permitted the questions to be asked in the first place," and which were "highly improper, objectionable, and would never be heard by a jury." (Dkt. No. 67 at 4-5.) Plaintiffs'

---

[2] The record reflects that the comments described in this paragraph were made by Plaintiffs' counsel Marc Stern, and not Chase Stern.

counsel also argue that they did not impede the examinations; rather, they were stating their objections on the record, and the deponent thereafter properly answered. (Id. at 6.)

"An objection … must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner.  A person *may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)*." Fed. R. Civ. P. 30(c)(2) (emphasis added). Likewise, "[a] party may object to an irrelevant line of question, but instructing a witness not to answer a question because it calls for inadmissible facts is sanctionable." *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, 2009 WL 3872043, *2 (E.D. Cal. Nov. 17, 2009) (citations omitted).

The record demonstrates Plaintiffs' counsels' behavior impeded, delayed, and frustrated the fair examination of the deponents.  The Court reviewed the pertinent portions of the transcripts and finds that on multiple occasions, Plaintiffs' counsel improperly instructed the witness not to answer on unfounded grounds.[3] To expound upon just one of these examples, counsel for Plaintiffs instructed his client not to answer on grounds that the question calls for speculation and is an incomplete hypothetical. When defense counsel asked if Plaintiffs' counsel had legal authority to instruct his client not answer, he responded that "whether we be in state or federal court, your question would be objectionable on so many grounds that the judge would strike your question."

---

[3] *See e.g.*, Lucas Depo., 75:1-76:6 (Plaintiffs' counsel instructing Lucas not to answer on grounds the question was vague, ambiguous and an incomplete hypothetical); Gamma Depo., 94:20-95:25; 96:2-97:20 (instructing Gamma not to answer on grounds the question calls for speculation, is an incomplete hypothetical and seeks irrelevant information); Albaba Depo., 78:7-79:3; 78:10-80:22 (instructing Albaba not to answer via speaking objections and on grounds the question called for expert testimony); Fisher Depo., 204:7-205:7; 208:10-12 (instructing Fisher not to answer questions on grounds he believed the questions sought irrelevant information and based on Plaintiffs' theory of the case).

(Dkt. No. 57 at 11, *quoting* Gamma Depo. 94:20-97:20.) Defendants' counsel responded: "My question may be objectionable, but that doesn't mean the witness doesn't need to answer it." Plaintiffs' counsel replied: "Well, I disagree with you on that because, for the life of me, I can't understand why you think this question is reasonably calculated to lead to the discovery of admissible evidence." (Id.) The problem with Plaintiffs' counsels' position is that it is not supported, as neither objections based on relevance nor an incomplete hypothetical serve as appropriate grounds to refuse to answer a question. Fed. R. Civ. P. 30(c)(2). Particularly unpersuasive is Plaintiffs' counsels' argument that their conduct was innocuous because, in their view, no judge would allow the questions they instructed not to be answered to be heard by a jury. As defense counsel aptly observed:

> Plaintiffs essentially argue that their counsel may unilaterally rule on what legal theories are relevant, judge whether a question seeks information relevant to those theories, and instruct witnesses not to answer a question that does not…. [¶] The Court, not the parties' counsel, rules on the law. And the Court, not the parties' counsel, rules on what questions "lack foundation" or are otherwise improper.

(Dkt. No. 69 at 4.) Regardless of whether a judge would have permitted such questions, Plaintiffs' counsels' role during a deposition does not include the authority to essentially rule on their own objections and determine whether such questions need to be answered.

Plaintiffs' additional argument that their conduct was harmless and did not prejudice Defendants also fails. As Defendants further aptly noted, and this Court agrees, Plaintiffs' counsels' improper instructions to the deponents not to answer certain questions prevented them from obtaining the evidence sought. In sum, Plaintiffs' counsels' tactics of improperly instructing deponents not to answer questions impeded, delayed and frustrated the examinations of these deponents. Accordingly, the Court finds Plaintiffs' conduct justifies imposing sanctions.

Sanctions also can be warranted where counsel improperly engages in speaking objections or coaches the deponents. *Claypole*, 2016 U.S. Dist. LEXIS 4389, at *13

(*citing Lund v. Matthews*, 2014 U.S. Dist. LEXIS 15863, at *4-6 (D. Neb. Feb. 7, 2014) (awarding sanctions where counsel made objections with commentary that coached the deponent's answers and instructed the witness not to answer on the basis of an "asked and answered" objection); *Cordova v. United States*, 2006 U.S. Dist. LEXIS 98226, at *2 (D.N.M. July 31, 2006) (awarding sanctions where counsel coached the witness through speaking objections, and instructed the witness not to answer). "There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding what questions the witness should answer." *Plaisted v. Geisinger Med. Ctr.*, 210 F.R.D. 527, 534 (M.D. Pa. 2002) (internal citations omitted). If the deponent is confused about a question, "the witness may ask deposing counsel to clarify the question; securing clarification is not the job of the witness' counsel." *Cordova,* 2006 U.S. Dist. LEXIS 98226 at *2.

The Court does not need to deeply delve into a discussion about Plaintiffs' counsels' speaking objections, coaching, or suggested answers because the aforementioned problems with Plaintiffs' conduct already serves to justify imposing sanctions. It suffices to say the Court reviewed a number of the portions of the transcripts, and finds Plaintiffs' counsel asserted improper speaking objections and improperly interrupted defense counsels' lines of questioning with their own re-phrased questions to elicit testimony.

**IV.   Conclusion**

Defendants are entitled to depositions where counsel adhere to the rules. For the aforementioned reasons, the Court **GRANTS** Defendants' motion for sanctions. Accordingly, **IT IS ORDERED**:

1. If the case continues following a ruling on class certification, Defendants will be permitted to re-depose the four plaintiffs, Stacy Lucas, Tarek Albaba, David Gamma, and Sarah Fisher, for no more than three hours each;

2. Plaintiffs' counsel must pay the defense's reasonable fees and costs incurred

that are associated with those re-depositions; and

3. The Court admonishes Plaintiffs' counsel that they are expected to adhere to the highest standards of professional decorum, and further admonishes that additional rule violations of this sort may result in additional specific and more severe sanctions.

**IT IS SO ORDERED.**

Dated:  May 13, 2016

Hon. Nita L. Stormes
United States Magistrate Judge