# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

STACY LUCAS, an individual,
TAREK ALBABA, an individual,
RIGOBERTO VINDIOLA, an
individual, DAVID GAMMA, an
individual, SARAH FISHER, an
individual, on behalf of themselves
and all other similarly situated
consumers,

                   Plaintiffs,

    v.

BREG, INC., a California
corporation; GARY LOSSE, an
individual; MARK HOWARD, an
individual; and DOES 1 through 50,
inclusive,

                  Defendants.

Case No. 15-cv-00258-BAS-NLS

**ORDER:**

**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO SEAL;**

**(2) GRANTING PLAINTIFFS' SUPPLEMENTAL MOTION TO SEAL; AND**

**(3) GRANTING DEFENDANT BREG INC.'S MOTION TO SEAL**

**[ECF Nos. 53, 61, 72]**

Presently before the Court are Plaintiffs' motions to file under seal certain exhibits in support of their motion for class certification, and Defendant Breg, Inc.'s motion to file under seal an expert report in support of Breg's opposition to Plaintiffs' motion for class certification. For the following reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to seal (ECF No. 53), GRANTS Plaintiffs' supplemental motion to seal (ECF No. 61), and GRANTS Breg's motion

1 to seal (ECF No. 72).

2 **I.     LEGAL STANDARD**

3      "It is clear that the courts of this country recognize a general right to inspect

4 and copy public records and documents, including judicial records and documents."

5 *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Thus, in assessing a

6 motion to seal, the starting point is "a strong presumption in favor of access to court

7 records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

8 2003). "The presumption of access is 'based on the need for federal courts, although

9 independent—indeed, particularly because they are independent—to have a measure

10 of accountability and for the public to have confidence in the administration of

11 justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir.

12 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

13      A party seeking to seal a judicial record bears the burden of overcoming the

14 strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet

15 this burden depends upon whether the documents to be sealed relate to a motion that

16 is "more than tangentially related to the merits of [the] case." *Ctr. for Auto Safety*,

17 809 F.3d at 1101. When the underlying motion is more than tangentially related to

18 the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the

19 underlying motion does not surpass the tangential relevance threshold, the "good

20 cause" standard applies. *Id.*

21      Here, the motions to file under seal relate to Plaintiffs' motion for class

22 certification. A class certification motion "generally involves considerations that are

23 enmeshed in the factual and legal issues comprising plaintiff's cause of action." *Wal–*

24 *Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 352 (2011) (quoting *Gen. Tel. Co. of Sw.*

25 *v. Falcon*, 457 U.S. 147, 160 (1982)) (internal quotation marks omitted). In deciding

26 whether to certify a class, district courts engage in a "rigorous analysis" that

27 frequently "will entail some overlap with the merits of the plaintiff's underlying

28 claim." *Dukes*, 564 U.S. at 351. Thus, the Court finds that Plaintiffs' motion for class

certification is more than tangentially related to the merits of the case, and that the compelling reasons standard applies.

In general, sealing court records under the compelling reasons test will be justified when such records could be used to "gratify private spite or promote public scandal," to circulate "libelous" statements, or "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598 (citations omitted). As to this last category, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the parties have been able to point to concrete factual information to justify sealing. *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) (citing cases). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted).

## II.    DISCUSSION

In their motion to seal (ECF No. 53), Plaintiffs seek to file under seal a total of nine exhibits, including Breg's 510(k) premarket notifications, Breg's U.S. wholesale price lists from various years, Breg's Cold Therapy Training Manual, excerpts from Breg's customer lists, a copy of a 2006 settlement involving Breg, and a Form 10-K annual report pulled from the SEC's online EDGAR system. The Court finds that Plaintiffs satisfy the compelling reasons test as to only four of these records: Breg's 510(k) premarket notifications, Breg's Cold Therapy Training Manual, and the filing containing excerpts from Breg's customer lists. These documents contain confidential business material that might harm Breg's competitive standing.

However, Plaintiffs have not satisfied the compelling reasons test as to the remaining five documents, for the following reasons. First, it is unclear how Breg's U.S. wholesale price lists from the years 2003, 2005, and 2009 would harm Breg's

market position, and neither side articulates a factual basis for such a finding. Second, although the 2006 settlement agreement contains a confidentiality provision, that alone is insufficient to overcome the strong presumption in favor of public access. *See, e.g.*, *Select Portfolio Serv. v. Valentino*, No. C 12–0334 SI, 2013 WL 1800039, at \*3 (N.D. Cal. Apr. 29, 2013) (finding that the parties' agreement among themselves to make a settlement agreement confidential was insufficient to shield the information from public access). Finally, Form 10-Ks are publicly accessible documents available through the SEC's online EDGAR database—there is no basis for sealing such documents. Therefore, Plaintiffs' motion to seal is GRANTED IN PART and DENIED IN PART.

In their supplemental motion to seal (ECF No. 61), Plaintiffs seek to file under seal an exhibit containing excerpts of Breg sales data broken down by year and product type. This motion is GRANTED. The information in this exhibit is detailed enough to constitute the kind of sales data that could undermine Breg's market position if made public.

For its part, Defendant Breg seeks to file under seal the expert report of Dwight D. Steward, Ph.D., on the grounds that the report contains confidential Breg sales and marketing data that would lose its value if made public. (ECF No. 72.) The Court finds that Breg has met the compelling reasons standard. The public disclosure of this business information could result in improper use by Breg's competitors seeking to undercut Breg's market position. *See, e.g.*, *Algarin v. Maybelline, LLC*, Civil No. 12cv3000 AJB (DHB), 2014 WL 690410, \*3–4 (Feb. 21, 2014) (finding the compelling reasons standard satisfied where public access to marketing and sales data "may result in improper use by competitors who may circumvent expending their own resources in obtaining the information"). Accordingly, Breg's motion to seal is GRANTED.

## III.   CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN**

**PART** Plaintiffs' motion to seal (ECF No. 53), **GRANTS** Plaintiffs' supplemental motion to seal (ECF No. 61), and **GRANTS** Breg's motion to seal (ECF No. 72). Accordingly, the Clerk of Court is instructed to file the following currently lodged documents under seal: ECF No. 54 (Exh. 3), ECF No. 54-1 (Exh. 4), ECF No. 54-2 (Exh. 7), ECF No. 54-7 (Exh. 36), ECF No. 62, and ECF No. 73.

   **IT IS SO ORDERED.**


**DATED:  September 28, 2016**


Hon. Cynthia Bashant
United States District Judge